UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 31  P 3: 45
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY, LOCAL 52 EMPLOYEE PENSION PLAN; MICHAEL S. TURNER, TIMOTHY D. COOPER, DONALD GILBERT, and TIMOTHY M. BEAM in their official capacities as trustees, | |
| Plaintiffs, | |
| v. | Civil Action No. 2:06 CV106-MHT |
| JOHNSON CONTROLS, INC., | |
| Defendant. | |

## COMPLAINT

### Jurisdiction

1.  This action arises under §505 and §515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145 and 29 U.S.C §1132.

### Parties

2.  Plaintiff, Michael S. Turner is a management Trustee on the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 52 Employee Pension Plan [hereinafter "Pension Plan"]. He is the President of Turner Chiller Services. Mr. Turner is a "fiduciary" on the Pension Plan within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

3.  Plaintiff, Donald Gilbert is a union Trustee on the Pension Plan. He is the

1


SCANNED
1/31/06 CRE

Business Agent of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union 52. Mr. Gilbert is a "fiduciary" on the Plan within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

4. Plaintiff, Timothy Cooper is a union Trustee on the Pension Plan. He is the Business Manager of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union 52. Mr. Cooper is a "fiduciary" on the Plan within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

5. Plaintiff, Timothy M. Beam is a union Trustee on the Plans. He is a member of United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union 52. Mr. Beam is a "fiduciary" on the Pension Plan within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

6. Plaintiff, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 52 Employee Pension Plan is a Taft-Hartley trust fund established pursuant to § 301(c)(6) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c)(6).

7. The Defendant, Johnson Controls, Inc. [hereinafter "Johnson Controls"], a corporation, upon information and belief, is a corporation organized under the laws of the State of Wisconsin. Johnson Controls is also an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5).

**Nature of the Claim**

8. This is a proceeding for a declaratory judgment finding that the Defendant is in violation of the Plan's documents, ERISA, and the collective bargaining agreement by failing to

make required contributions to the Plaintiff Pension Plan, and as a result is delinquent in amounts shown by the requested audit. Plaintiffs also seek a preliminary and permanent injunction requiring the Defendant to comply with its contractual obligations under the collective bargaining agreement and requiring the Defendant to submit to an audit of its payroll accounts as required by the collective bargaining agreement, the trust and ERISA.

**Facts**

9.   The Pension Plan is a "trust funds" established by collective bargaining pursuant to § 302(c)(5) and (6) of the National Labor Relations Act, 29 U.S.C. § 186(c)(5) and (6) for the purposes of providing employee pension benefits to, among others, eligible employees of the Defendant, Johnson Controls, a corporation. The Pension Plan is also an "employee pension benefit plan" within the meaning of ERISA, 29 U.S.C. §§ 102(1). The Pension Plan is also a "multiemployer plan" within the meaning of ERISA, 29 U.S.C. §1002(37)(A). As such, employers and employees are equally represented in the administration of the Plan. Additionally, plan fiduciaries, like the Trustee Plaintiffs, have an obligation to use reasonable diligence to ensure that the Pension Plan receives all contributions owed to it. This diligence in collections is required by ERISA for several reasons, including prohibiting extensions of credit to employers who fail to make required contributions and reducing the likelihood of other contributing employers from subsidizing the delinquent employers since participants must be awarded credit on the basis of service performed for the employer regardless of whether the employer has made or defaulted on its contributions.

10.   At all relevant times herein, Johnson Controls was a signatory to a collective bargaining agreement, the National Pneumatic Control Systems Installation and Service

3

Agreement for the United States for the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, and consequently was a contributing employer under the Plan. The collective bargaining agreement had effective dates during a period of time from 1994 through 2003. In said collective bargaining agreement, Johnson Controls agreed, among other things, to make pension contributions to the Pension Plan.

11. The Pension Plan's records indicate that Johnson Controls has failed to make timely, accurate contributions to the Pension Plan since 1994. Defendant has worked employees on whose behalf contributions for pension benefits are required by the applicable collective bargaining agreement between 1994 and January 2003. Defendant is delinquent in contributions to the Pension Plan in the amount of $17,366.15. In addition to the delinquencies owed to the Pension Plan, Defendant owes liquidated damages, interest and earnings that would have been credited to the participants' accounts but for the failure to make the accurate contribution when the payment was due.

12. Under the terms of the collective bargaining agreement, the Pension Plan documents and ERISA Sections 502(g)(2), 29 U.S.C. §1132 (g)(2), and 515, 29 U.S.C. §1145, the Pension Plan is entitled to the unpaid amounts of contributions, liquidated damages in the amount of twenty-five percent (25%) of the contributions owed, interest and earnings that would have been credited to the participants' accounts but for the failure to make the accurate contribution when the payment was due.

13. Johnson Controls has employed employees covered by the collective bargaining agreement and failed to make the accurate contributions to the Pension Plan as required by the collective bargaining agreement, the trust and ERISA between 1994 and 2003. The failure of

4

Johnson Controls to make the contributions referred to herein, constitutes violations of the collective bargaining agreement, the declaration of trust and ERISA.

### Count I: Violation of 29 U.S.C. §1145

14. At all relevant times herein, Johnson Controls was a signatory to a collective bargaining agreement, the National Pneumatic Control Systems Installation and Service Agreement for the United States for the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, and was a contributing employer under the Plan. In said collective bargaining agreement, Johnson Controls, agreed among other things, to make pension contributions to the Pension Plan.

15. Johnson Controls has failed to make the contributions required by the collective bargaining agreement, the trust and ERISA. The Plan's records indicate that Johnson Controls has failed to make contributions to the Plan from 1994 to January 2003. Defendant has worked employees on whose behalf contributions for pension benefits are required by the applicable collective bargaining agreement between 1994 and January 2003. In addition to the specific contributions owed to the Pension Plan, Defendant is also liable for liquidated damages in the amount of twenty-five percent (25%) of the contributions due to the Pension Plan, interest and earnings that would have been credited to the participants' accounts but for the failure to make the accurate contribution when the payment was due.

16. The Trustees of the Pension Plan have requested that Johnson Controls make all payments which are due. Johnson Controls has refused to do so. The failure of Johnson Controls to make the contributions referred to herein, constitutes violations of the collective bargaining agreement, the declaration of trust and ERISA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, and cause this matter to be in every way expedited and upon hearing, to:

a. Order the Defendant to submit to an audit of its payroll accounts as required by the trust and by ERISA;

b. Issue a declaratory judgment finding that Defendant is in violation of the collective bargaining agreement, the Pension Plan's documents and ERISA, and that the Defendant is delinquent in pension contributions in such amounts as are shown by the audit conducted, plus liquidated damages, interest and earnings that would have been credited to the participants' accounts but for the failure to make the accurate contribution when the payment was due;

c. Issue an injunction requiring Defendant to abide by the collective bargaining agreement and pursuant to the terms thereof, fulfill the monetary obligations to the Pension Plan under the collective bargaining agreement;

d. Reduce the delinquency amount to the Pension Plan to a judgment to enable the Plaintiffs to collect all monies owed by the Defendant Johnson Controls;

e. Order the Defendant to pay such reasonable attorney's fees and costs of audit as are incurred by the Plaintiffs in bringing this action; and

f. Grant such additional and further relief as in equity the Court deems proper and just.

BY: /s/ Kimberly C. Walker
J. Cecil Gardner
(GARDJ3461)
Kimberly Calametti Walker
(CALAK4410)
M. Vance McCrary
(MCCRM4402)

OF COUNSEL:

GARDNER, MIDDLEBROOKS,
GIBBONS & KITTRELL, OLSEN,
    WALKER & HILL, P.C.
1119 Government Street
P.O. Box 3103
Mobile, AL 36652
251-433-8100
251-433-8181 (fax)

Please serve Defendant via certified mail in care of its Registered Agent:

John P. Kennedy
5757 N. Green Bay Avenue
Glendale, WI 53209