UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY, LOCAL 52 EMPLOYEE PENSION PLAN; MICHAEL S. TURNER, TIMOTHY D. COOPER, DONALD GILBERT, and TIMOTHY M. BEAM in their official capacities as trustees,<br><br>        Plaintiffs,<br><br>v.<br><br>JOHNSON CONTROLS, INC.,<br><br>        Defendant. | Case No. 2:06-cv-00106-MEF-SRW<br><br>Hon. Chief Judge Mark E. Fuller<br><br>Magistrate Judge Susan Russ Walker |

## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW Defendant, Johnson Controls, Inc. ("JCI"), and answers the complaint by Plaintiffs as follows:

1.   With respect to Paragraph 1 of the Complaint, JCI admits only that Plaintiff purports to assert an alleged action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145. JCI denies that it violated ERISA and denies all other allegations contained in Paragraph 1.

2.   Answering paragraph 2 of the complaint, JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies those allegations.

3.   Answering paragraph 3 of the complaint, JCI admits that Donald Gilbert is a Business Agent for Local 52. Answering further, the allegations in paragraph 3 constitute legal conclusions to which no answer is required. To the extent further answer is required, JCI is

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies those allegations.

4. Answering paragraph 4 of the complaint, JCI admits that Timothy Cooper is a Business Manager for Local 52. Answering further, the allegations in paragraph 4 constitute legal conclusions to which no answer is required. To the extent further answer is required, JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies those allegations.

5. Answering paragraph 5 of the complaint, upon information and belief, JCI admits that Timothy M. Beam is a member of Local 52. Answering further, the allegations in paragraph 5 constitute legal conclusions to which no answer is required. To the extent further answer is required, JCI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and on that basis denies those allegations.

6. Answering paragraph 6 of the complaint, the allegations constitute legal conclusions to which no answer is required. To the extent that an answer is required, admitted.

7. JCI admits the allegations contained in paragraph 7 of the complaint.

## NATURE OF THE CLAIM

8. Answering paragraph 8, JCI admits only that Plaintiffs purport to bring a proceeding for declaratory judgment. JCI denies that it has violated any of the Plan's documents, ERISA or the Collective Bargaining Agreement or has failed to make required contributions to the Plaintiffs' Pension Plan. JCI is not delinquent in amounts owing to the Pension Plan. Answering further, JCI admits that Plaintiffs seek a Preliminary and Permanent Injunction, but JCI denies that it has failed to comply with any contractual obligations under the collective bargaining agreement.

2

## FACTS

9. Answering paragraph 9 of the Complaint, the allegations contain legal conclusions to which no response is required. To the extent a response is required, JCI denies that it has defaulted on its obligations to make pension plan contributions in accordance with the Collective Bargaining Agreement, ERISA, and the plan documents.

10. Answering paragraph 10 of the Complaint, JCI admits that it is a signatory to the collective bargaining agreement, the National Pneumatic Control Systems Installation and Service Agreement for the United States for the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, and is a contributing employer under the Plan. Answering further, JCI admits that there was a collective bargaining agreement in effect from 1994 through 2003 and that under such agreement, JCI agreed to make pension contributions to the Pension Plan.

11. JCI denies that it has failed to make timely, accurate contributions to the Pension Plan since 1994. Answering further, JCI admits that it has made pension benefit contributions on behalf of employees who work for JCI between 1994 and 2003. Defendant further denies that it owes liquidated damages, interest and earnings for any alleged deficiency in plan contributions.

12. Answering paragraph 12 of the Complaint, the allegations contain legal conclusions to which no response is required. JCI denies that it is deficient for any pension contributions. JCI is otherwise not subject to the damages provisions contained in ERISA.

13. JCI admits that it has employed employees covered by the collective bargaining agreement. Answering further, JCI denies that it failed to make accurate contributions to the Pension Plan as required by the collective bargaining agreement, the trust and ERISA, from 1994 and 2003.

## COUNT I: VIOLATION OF 29 U.S.C. § 1145

14. Answering paragraph 14 of the Complaint, JCI admits the allegations contained in this paragraph.

15. Answering paragraph 15 of the Complaint, JCI denies the allegations contained in this paragraph because they are untrue.

16. Answering paragraph 16 of the Complaint, JCI denies the allegations contained in this paragraph because they are untrue.

## PRAYER FOR RELIEF

WHEREFORE, JCI prays as follows:

1. That Plaintiffs take nothing by reason of their Complaint and that judgment be rendered in favor of JCI;

2. That JCI be awarded costs of incurred in defense of this action; and

3. For such other relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. For its separate and affirmative defense, JCI alleges that the complaint does not state facts sufficient to constitute a claim for which relief can be granted against JCI.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, waiver, and by laches.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred in whole or in part by the doctrines of mutual mistake, and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

4.  For its fourth separate and affirmative defense, JCI alleges that the Plaintiffs' claim fails, in whole or in part, because they failed to mitigate their alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

5.  For its fifth separate and affirmative defense, JCI alleges that the Plaintiffs or others are legally responsible or otherwise at fault for the damages alleged in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

6.  For its sixth separate and affirmative defense, JCI alleges that the Plaintiffs may obtain no relief under the complaint by reason of the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

7.  JCI reserves the right to subsequently assert and add affirmative defenses as they become known.

WHEREFORE, Defendant JCI prays as follows:

1.  That Plaintiffs take nothing by reason of their Complaint, and that judgment be rendered in favor of JCI;

2.  That JCI be awarded costs of suit incurred in defense of this action; and

3.  For such other relief as the Court deems proper.

      Respectfully submitted,

      *s/Terry Price*
      Terry Price
      **LEHR MIDDLEBROOKS PRICE & VREELAND, P.C.**
      2021 Third Avenue North
      Birmingham, AL  35203
      Telephone:  205.323.9261
      Facsimile:  (205) 326-3008
      E-Mail:  tprice@lmpv.com

      Attorneys for Defendant, JOHNSON CONTROLS, INC.

Dated:  March 1, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 1, 2006, I electronically filed the foregoing **DEFENDANT'S ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>J. Cecil Gardner (GARDJ3461)
>Kimberly Calametti Walker (CALAK4410)
>GARDNER MIDDLEBROOKS
>1119 Government St.
>PO Drawer 3103
>Mobile, AL 36652

                Respectfully submitted,

                *s/Terry Price*
                Terry Price
                Lehr Middlebrooks Price & Vreeland, P.C.
                2021 Third Avenue North
                Birmingham, AL  35203
                Telephone:  205.323.9261
                Facsimile:  205.326-3008
                E-Mail:  tprice@lmpv.com
                Bar No. ASB-4658-E58T

149387.doc