**FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED ASSOCIATION OF** | * | |
| **JOURNEYMEN AND** | * | |
| **APPRENTICES OF THE PLUMBING** | * | |
| **AND PIPEFITTING INDUSTRY,** | * | |
| **LOCAL 52 EMPLOYEE PENSION** | * | |
| **PLAN; MICHAEL S. TURNER,** | * | |
| **TIMOTHY D. COOPER, DONALD** | * | |
| **GILBERT, and TIMOTHY M. BEAM** | * | |
| **in their official capacities as trustees,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **Civil Action No.  2:06cv106-MHT** |
| | * | |
| **JOHNSON CONTROLS, INC.,** | * | |
| | * | |
| **Defendant.** | * | |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed.R.Civ.P.26(f), a meeting was held on March 20, 2006 via telephone conference and was attended by:

Kimberly C. Walker, Esquire for plaintiffs
Terry Price, Esquire for defendant
Jeff Kopp, Esquire for defendant

The parties do not request a conference with the court before entry of the scheduling order.

1.     **Plaintiff Allegations**

Plaintiff Plan is a multi-employer pension plans within the meaning of 29 USC §1002(37)(A). Plaintiffs, Board members, are fiduciaries within the meaning of 29 USC §1003(21)(A). Defendant is an employer within the meaning of 29 USC §1002(5).  Defendant is signatory to a collective bargaining agreement requiring it to make contributions to the Plaintiff Plan. During relevant periods, Defendant has failed to make the required contributions in violation of the Collective Bargaining Agreement, trusts and ERISA.

This is a proceeding for a declaratory judgment finding that the Defendant is in violation of the Plans, ERISA and a Collective Bargaining Agreement by failing to make required contributions to Plaintiffs and as a result is delinquent.  Plaintiffs also seek a preliminary and

permanent injunction requiring Defendant to comply with its contract obligation under the Collective Bargaining Agreement and require Defendant to submit to an audit of its payroll accounts as required by the Collective Bargaining Agreement, trusts and ERISA. This action is brought pursuant to 29 USC §1145.

2.    **Defendant Defenses**

Defendant, Johnson Controls, Inc. has made all fringe benefit contributions in compliance with the National Pneumatic Control Systems Installation and Service Agreement for the United States for the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry.  At issue in this case is whether Johnson Controls properly applied the "Birmingham wage rate" for fringe benefit contributions for a particular Union employee who was working in Macon, Georgia.  The contract governing the period from 1994 to 2003 provided for different fringe benefit rates for Birmingham, Alabama and Montgomery, Alabama. The Birmingham rate was slightly lower than the Montgomery rate.  Plaintiffs now seek the $17,366.15 difference between the two rates for the period from 1994 to 2003 for this employee, claiming he should have been paid the higher rate.  This claim fails, however, because there is no basis for Plaintiffs' argument that the contract required contributions to be made at the Montgomery rate.

A preliminary and permanent injunction is inappropriate because the Plaintiffs seek only past alleged unpaid fringe benefit contributions during the period from 1994 to 2003.  The contract was changed to a single rate after that time period, so there is no claim that Johnson Controls is presently failing to make required fringe benefit contributions in accordance with a current contract.  Thus, an injunction is unwarranted.  In addition, some, if not all, of the alleged underpayments sought are for contributions that were made outside of the statute of limitations period and/or are barred under the doctrines of laches and estoppel.  Accordingly, there are significant procedural defenses that prevent recovery as set forth in the Complaint.  For these reasons, Plaintiffs' claims fail as a matter of law and should be dismissed.

3.    This non-jury action should be ready for trial by January, 2007 and at this time is expected to take approximately two days.

4.    The parties request a pretrial conference in December, 2006.

5.    **Discovery Plan**. The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

1.    Amount of delinquencies

2.    Defendant's defenses.

All discovery commenced in time to be completed by September 29, 2006.

6.    **Initial Disclosures**. The parties will exchange by April 3, 2006 the information required by Fed.R.Civ.P.26(a)(1).

7.    The parties request until June 5, 2006 to join additional parties and amend the pleadings.

8.    Reports from retained experts under Rule 26(1)(2) due:

        from plaintiff(s) by June 5, 2006.

        from defendant(s) by June 19, 2006.

9.    **Pretrial Disclosures**.  Final lists of witnesses and exhibits under Rule 26(a)(3) due by December 8, 2006.

10.    **Discovery Limits**.

        Maximum of 30 interrogatories by each party to any other party.  Responses due 30 days after service.

        Maximum of 4 depositions by plaintiff(s) and 4 by defendant(s).  Each deposition limited to maximum of 8 hours unless extended by agreement of parties.

        Maximum of 20 requests for admission by each party to any other party.  Responses due 30 days after service.

        Maximum of 30 requests for production of documents by each party to any other party.  Responses due 30 days after service.

11.    All potentially dispositive motions filed by October 31, 2006.

12.    Settlement cannot be evaluated prior to September 29, 2006.

13.    [Other matters.]

Date: March 20, 2006


  s/ Kimberly Calametti Walker                          s/ Terry Price  

Kimberly Calametti Walker                         Terry Price

Counsel for Plaintiffs                               Counsel for Defendant

1119 Government Street                         Lehr Middlebrooks Price & Vreeland, P.C.

Mobile, Alabama 36604                        2021 3rd Avenue North

251-433-8100                                     Birmingham, AL 35203

                                          256-326-3002

15068 7.wpd